**Felix L.D. RIVERA, Petitioner,**

v.

**Paul DIPAOLO, Respondent**

No. 96–12520–JLT.

United States District Court,
D. Massachusetts.

Dec. 18, 1997.

Felix D. Rivera, Norfolk, MA, pro se.

Annette C. Benedetto, Asst. Atty. Gen., Criminal Bureau, Boston, MA, for Respondent.

## *MEMORANDUM*

TAURO, Chief Judge.

Presently before the court is Petitioner Felix Rivera's application for writ of habeas corpus, requesting release from the custody of the Commonwealth of Massachusetts.

### I.

### *BACKGROUND*

On March 18, 1992, a superior court jury convicted Petitioner of trafficking in cocaine over 200 grams in violation of M.G.L. c. 94C, § 32E(b)(4). He received a sentence of fifteen to sixteen years imprisonment.

Petitioner appealed his conviction to the Massachusetts Appeals Court, *Commonwealth v. Rivera,* 36 Mass.App.Ct. 1108, 631 N.E.2d 80 (Mass.App.Ct.1994), which affirmed. Petitioner's purported ground for overturning that conviction was unequal application of an otherwise impartial law.[1] He contended that he was charged with a more serious crime and received a longer sentence than Mark Gordon and Paul Nunes, his code-

---

1. Subsequent to the verdict of guilty in Petitioner's case, both of his codefendants, Mark Gordon and Paul Nunes, pleaded guilty to reduced charges under M.G.L. c. 94C, § 32E(b)(2) and received sentences of nine to ten years, five years mandatory to serve.

fendants, because he is a "black hispanic Colombian" whereas they are white.

Thereafter, Petitioner submitted a motion for a new trial, advancing three grounds of error: (1) the prosecutor's elicitation of testimony that the defendant was a Colombian; (2) the prosecutor's improper reference to the defendant as "Colombian" during closing arguments; and (3) ineffective assistance of counsel. At the appeal of the superior court's denial of his motion, Petitioner advanced a fourth ground of error: the erroneous factual findings upon which the judge based his denial of defendant's motion for a new trial.[2] *Commonwealth v. Felix L.D. Rivera,* 39 Mass .App.Ct. 1123, 660 N.E.2d 394 (Mass.App.Ct.1996). The Appeals Court affirmed the superior court's denial of Petitioner's motion.

Ultimately, in 1996, the Massachusetts Supreme Judicial Court denied Petitioner's Application for Leave to Obtain Further Appellate Review. *Commonwealth v. Felix L.D. Rivera,* 422 Mass. 1105, 663 N.E.2d 575 (1996).

## I.

### ANALYSIS

#### 1. *Petitioner's Asserted Grounds for Relief*

In his petition for habeas corpus, Petitioner sets forth three distinct grounds for his claim that he is being held unlawfully. First, he asserts that he was denied equal protection under the auspices of the Fourteenth Amendment because "[t]he principals who negotiated [the] drug transaction with police obtained a lenient plea agreement by falsely telling police [that Petitioner is] a Colombian," when, in fact, he is a Puerto Rican. Second, he asserts that the prosecutor elicited false and prejudicial testimony that the defendant was a Colombian in order to preju-

dice the jury.[3] Third, Petitioner asserts that he was deprived of his Sixth Amendment right to effective assistance of counsel because his attorney failed to enter into evidence documentation showing that Petitioner is Puerto Rican and failed to object to the prosecution's use of the word "Colombian."

#### 2. *Exhaustion of State Court Remedies*
##### a. *Exhaustion Standard*

■ Federal courts should not entertain claims contained in a habeas corpus petition until the state courts have had an opportunity to hear the matters presented therein. Specifically, 28 U.S.C. § 2254(b) provides that a federal court may not grant a habeas corpus petition unless the applicant

> has exhausted the remedies available in the courts of the State, or [has shown] that there is either [the] absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C. 2254(b). Moreover, exhaustion remains incomplete, and a federal district court must, therefore, dismiss the habeas corpus petition, if that petition contains both exhausted and unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

In sum, this court may find that Petitioner properly exhausted his state court remedies only if he raised all of the same issues in state court that he now presents in the habeas proceeding. *Vasquez v. Hillery,* 474 U.S. 254, 260, 106 S.Ct. 617, 621–22, 88 L.Ed.2d 598 (1986).

##### b. *Application of Standard to Petitioner's Claims*

■ At the state court level, Petitioner formulated his equal protection claim as discriminatory, *race-based* application of an oth-

---

**2.** The Appeals Court neither expounded upon this asserted grounds for relief nor addressed its merit.

**3.** This claim should be construed—although Petitioner fails to clarify its character—as a denial of Petitioner's Sixth Amendment right to a fair trial that rises to the level of a denial of Petitioner's Fourteenth Amendment right to due process.

Petitioner asserted a similar claim in relevant state proceedings based upon the Sixth Amendment. Because he now proceeds pro se, the court will assume that the Sixth Amendment, in tandem with the Fourteenth, provide the grounds for relief in this proceeding as well, thereby easing Petitioner's burden of demonstrating exhaustion.

erwise neutral law. In particular, he argued that he was not offered the same plea bargain that the prosecutor offered his codefendants, because he is "black hispanic Colombian" and they are white. Defendant–Appellant's Brief on Appeal From Judgment of the Superior Court, at 2, 6–7 (stating that his "sentence was the result of his race"). In his petition for habeas corpus, however, Petitioner formulated his equal protection claim as a discriminatory, *nationality-based* application of an otherwise neutral law. In particular, he now states that the prosecutor did not offer him a plea bargain because he was erroneously categorized as a Colombian.

When the existence of a distinct class is demonstrated, and it is further shown that the laws, as written or as applied, unreasonably single out that class for different treatment, the guarantees of the Constitution have been violated. *See, e.g., City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Furthermore, the principle that classifications based upon *race* or *nationality* are "suspect" and, therefore, demand close scrutiny is well established. *See, e.g., San Antonio Ind. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 16, 97–98, 93 S.Ct. 1278, 1287, 1329–30, 36 L.Ed.2d 16 (1973). As a result, the same standard of review applied to Petitioner's equal protection claim at the state court level as applies to his current federal habeas corpus claim: both are subject to strict scrutiny. As such, the distinction between Petitioner's equal protection claims may not, superficially, seem to present such widely divergent theories for relief as to constitute different issues for exhaustion purposes.

But, upon closer inspection, it becomes apparent that the question of whether the prosecutor discriminated against Petitioner based upon his race differs inherently from the question of whether the prosecutor discriminated against him based upon his nationality. Significantly, the immediate constitutional challenge derives from a law's application rather than its appearance. This necessitates subjective inquiry into the state actor's motives. As the Supreme Court has noted, "[d]etermining whether invidious discriminatory purpose was a motivating factor [in the claimed discriminatory application] demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 266, 97 S.Ct. 555, 564, 50 L.Ed.2d 450 (1977).

Under such intent-specific inquiry, even if Petitioner failed to successfully challenge the plea bargain on racial grounds, he could, potentially, succeed in challenging it on nationality grounds. It is, after all, possible to discriminate against someone because he or she is Colombian and not because he or she is black.[4] In effect, though the legal framework of Petitioner's equal protection claim at the state level mimics that of his federal habeas claim, the factual underpinnings—which are outcome determinative in this case—differ significantly. In light of the fact that the inquiry under Petitioner's current equal protection claim differs from that under his previous equal protection claim, Petitioner has presented a new issue in his habeas petition and has not, therefore, properly exhausted his state court remedies.

### III.

### CONCLUSION

For the foregoing reasons, Felix Rivera's Petition for Writ of Habeas Corpus is DENIED, and his underlying claims are, accordingly, DISMISSED.

---

**4.** Particularly in the context of cocaine trafficking, where the stereotype of the Colombian druglord prevails, discrimination based on nationality may exist even if discrimination based on race does not.